UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| NATHAN CHASE,<br><br>    Plaintiff,<br><br>vs.<br><br>WARDEN DAN SULLIVAN, SOUTH DAKOTA STATE PENITENTIARY; AND ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>    Defendants. | 5:22-CV-05090-KES<br><br><br><br>REPORT AND RECOMMENDATION |

This matter is before the court on Petitioner Nathan Chase's *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The Government, represented by the Attorney General of the State of South Dakota, filed an answer to Chases' petition (Doc. 11), a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) (Doc. 12), and a brief in support of its answer and motion (Doc. 13). The pending matter was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND**

A Pennington County Grand Jury indicted Chase for Second-Degree Murder, a Class B felony in violation of SDCL 22-16-7. (Doc. 11, Ex. 2). Ellery Grey was appointed to defend Chase. A trial by jury was held on October 23, 2017, through October 25, 2017. (Doc. 11, Ex. 1). Chase was found guilty of

1

Second-Degree Murder and was sentenced to life in prison without the possibility of parole. Id.

Chase appealed his convicted to the South Dakota Supreme Court ("SDSC") on November 16, 2017. (Doc. 11, Ex. 4). The SDSC affirmed Chase's conviction on October 3, 2018.[1] State v. Chase, 919 N.W.2d 207 (S.D. 2018). Chase did not seek a writ of certiorari from the United States Supreme Court ("USSC"). (Doc. 1, p. 4).

On December 7, 2018, Jamy Patterson was appointed to represent Chase in his state court habeas action. (Doc. 1, p. 14). On April 30, 2019, Patterson withdrew from the case and Paula Pederson was appointed. Id. Between May 8, 2019, and June 2, 2020, Chase reported that his attorney and himself "corresponded while she reviewed [his] case, spoke to [his] trial lawyer and prepared to file petitions in [his] case." Chase alleges that communication was difficult at times as it was during the height of the COVID-19 pandemic.

On June 1, 2020, Ms. Pederson filed a Petition for Writ of Habeas Corpus." (Doc. 11, Ex 8). The habeas petition in state court raised two claims of ineffective assistance of counsel for failure to propose proper jury instructions on: 1) justifiable homicide and 2) the lesser included offense of first degree manslaughter. (Doc. 1, p. 4; Doc. 11, Ex. 8). Chase also argued his due process rights were violated by Circuit Judge Brown for failing to instruct the jury on the lesser included offense. Chase filed two amended

---

[1] Chase's sole issue on appeal was whether Circuit Court Judge Brown improperly denied his motion to suppress. Chase, 919 N.W.2d at 209.

habeas petitions, correcting clerical errors but raising the same substantive claims in both petitions. (Doc. 11, Exs. 8, 9, 10).

Chase filed a third amended petition for habeas relief in January 2021, raising seven claims for relief. (Doc. 11, Ex. 11). Circuit Court Judge Jeffrey Connolly held an evidentiary hearing on February 18, 2022, and denied Chase's request for habeas relief on June 27, 2022. (Doc. 11, Ex. 12). Judge Connolly also refused to issue a certificate of probable cause[2] so he could appeal the decision. Likewise, the SDSC denied Chase's motion for a certificate of probable cause on September 16, 2022, thus bringing Chase's state habeas proceedings to an end. (Doc. 11, Ex. 14, pg. 20; Ex. 15).

Chase filed the pending federal 28 U.S.C. § 2254 habeas petition on October 26, 2022. (Doc. 1). The Respondent moved for judgment on the pleadings to dismiss Mr. Chase's petition pursuant to FED. R. CIV. P. 12(c) and 28 U.S.C. § 2244(d)(1). (Doc. 12). Mr. Chase did not file a reply brief.

## DISCUSSION

### I.   Applicable Legal Standards

#### A.   Principles Generally Applicable to § 2254 Petitions

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, federal

---

[2] Habeas corpus appeals are discretionary in South Dakota and require a certificate of probable cause. LaCroix v. Fluke, 2022 S.D. 29, 975 N.W.2d 150 (quoting Iannarelli v. Young, 904 N.W.2d 82, 87 (S.D. 2017).

courts may exercise only a "limited and deferential review of underlying state court decisions." Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." Williams v. Taylor, 529 U.S. 362, 405–06 (2000). A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly. Id. at 411. "Rather, that application must also be unreasonable." Id.

    **B.**    **Statute of Limitations Applicable to 28 U.S.C. § 2254**

Petitions for habeas relief in federal court collaterally attacking state court convictions are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA contains a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> (d) (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> > (B)   the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitations period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time limit to file an appeal with the Supreme Court of South Dakota is thirty days. SDCL § 23A-32-15. The time limit to file an appeal with the Supreme Court of the United States in any case, civil or criminal, entered by a

state court of last resort . . . is timely when it is filed . . . within [ninety] days after entry of the judgment."[3]

## II.    Chase's § 2254 Habeas Petition is Untimely

The AEDPA imposes a one-year statute of limitations for filing federal habeas petitions.  28 U.S.C. § 2244(d)(1).  The AEDPA's one-year limitation period starts to run from the latest of several possible triggering dates: 1) date on which a state court judgment became final by the conclusion of direct review or by the expiration of time for seeking such review; 2) the date on which the constitutional right asserted was initially recognized by the USSC; or 3) the date on which the factual predicate of the claims could have been discovered through exercise of due diligence.  28 U.S.C. §§ 2244(d)(1)(A), (C), and (D).

Chase timely filed his notice of appeal to the SDSC on November 16, 2017.  (Doc. 11, Ex. 4).  The SDSC affirmed his conviction on October 3, 2018.  Chase, 919 N.W.2d 207 (S.D. 2018).  Chase did not seek a writ of certiorari from the USSC.  (Doc. 1, p. 4).  Because Chase did not seek a writ of certiorari, his state court judgment became final ninety days after the SDSC entered it.  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998); 28 U.S.C. § 1257(a) (granting the USSC jurisdiction to review final judgments by a state's "highest court"); USSC Rule 13 (requiring a petition for certiorari to be filed within ninety days of entry of a final judgment).  Thus, Chase's state court judgment

---

[3] SUPREME COURT RULE 13, REVIEW ON CERTIORARI: TIME FOR PETITIONING (effective July 1, 2019) at p. 9, https://www.supremecourt.gov/ctrules/2019RulesoftheCourt.pdf.

and conviction became final, and his one-year time clock began ticking, on January 2, 2019.⁴ Therefore, Chase had until January 2, 2020, to petition for federal habeas relief. 28 U.S.C. § 2244(d)(1). He failed to do so; his federal petition for writ of habeas corpus wasn't filed until October 26, 2022. Therefore, the claim is outside the federal statute of limitations.

Although Chase timely filed his state habeas petition with the South Dakota Seventh Judicial Circuit on June 1, 2020, it is irrelevant that Chase's state court habeas petition was timely filed under South Dakota law. SDCL 21-27-3.3 (South Dakota has a two-year statute of limitations for habeas actions). South Dakota's statute of limitations has no effect on Chase's federal filing deadline. See Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851 (8th Cir. 2003) (Eighth Circuit Court of Appeals affirmed the district court's holding that the federal statute of limitations is not affected by a state's longer statute of limitation); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

Chase's petition was filed outside of AEDPA's one-year statute of limitations.

### III. Chase is not entitled to equitable nor statutory tolling

Congress granted reprieve from 28 U.S.C. § 2244(d)(1)'s strict one-year timeframe, allowing for both statutory and equitable tolling. 28 U.S.C. § 2244(d)(2); see Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The one-

---

⁴ Because January 1 is a holiday (October 3, 2018, plus ninety day); Chase had until the next day to file. See FED. R. CIV. P. 6(a)(1)(C).

year time period is statutorily tolled by the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006). The time limit is equitably tolled when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Baker, 321 F.3d at 771. Here, Chase fails to show that the one-year statute of limitations is subject to either statutory or equitable tolling.

### A. Statutory Tolling

A "state court petition filed after the federal statute of limitations has expired is of no effect because there is 'no federal limitations period remaining to toll.'" Robinson v. Payne, No. 4:21-cv-00924, 2022 U.S. Dist. LEXIS 157744 (E.D. Ark. Jan. 10, 2022) (quoting Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)).

Chase did not seek state habeas relief until June 2, 2020 (Doc. 11, Ex. 8). As discussed above, Chase had until January 2, 2019, to petition for federal habeas relief; therefore, his state petition was filed five months after § 2244(d)(1)'s time window had closed. The fact that Chase's state habeas proceedings were pending from June 2, 2020, to September 16, 2022, has no effect on this federal habeas petition, as the petition was untimely before the state habeas petition was filed.[5]

---

[5] As discussed earlier, see supra p. 5, South Dakota's longer statute of limitation for filing habeas petitions has no effect on the federal statute. See Curtiss, 338 F.3d 851; Painter, 247 F.3d 1255.

**B. Equitable Tolling**

Chase fails to demonstrate any extraordinary circumstances preventing the timely filing of this petition requiring equitable tolling. Equitable tolling is an "exceedingly narrow window of relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (citation omitted).

A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling presents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (internal quotations omitted).

Chase acknowledged his conviction became final over one year ago and cited seven reasons for why that did not bar his petition:

1) 11/1/2017 (Sentencing/Judgment)-10/26/2018 (Appeal Decision) All timeframes were timely. My attorney wished to challenge the suppression motion and that is the time it took to get transcripts, file briefs, get oral arguments before the Court and get a final opinion from the Supreme Court. The Remittitur was filed 10/26/2018.
2) 12/7/2018- 5/8/2019. Atty Jamy Patterson was appointed to me for my Habeas Petition on 12/7/2018
3) On 4/30/2019 she wrote to me to advise me that she was withdrawing and a new attorney would be appointed. It was Paula Pederson.
4) 5/8/19- 6/2/2020. Atty Paula Pederson contacted me to advise me she had been appointed to my case. It seems her first letters went to the SDSP, but I had been transferred to New Jersey. She and I corresponded while she reviewed my case, spoke to my trial lawyer and prepared to file petitions in my case. This was a difficult time as it was during the heighth of the COVID-19 pandemic. On June 2, 2020, she filed a Petition for Writ of Habeas Corpus.
5) 6/2/2020 - 2/18/2021. There was a long bit a time between the filing of my writ and the evidentiary hearing due to problems, closures and protocols in place during the COVID-19 pandemic.

9

> Courts were closed, transportation was a huge issue, etc . . . In February 2021, I was brought to Rapid City from New Jersey to have my hearing on 2/18/2021.
> 6) 2/18/2021-6/28/2022. During this time the attorneys for both sides reviewed the cases, wrote briefs and had hearings with the Court (detailed above).  The Habeas Court decided against me in a final Judgment on 6/28/22.
> 7) 6/28/22- 9/16/2022.  I attempted to appeal the Habeas Court's decision, which is discretionary with the Supreme Court.  I timely filed my Motion for Certificate of Probable Cause which was denied by the Supreme Court on 9/16/2022.

(Doc. 1, pp. 14-15)

Only three of these reasons (# 2, 3, 4) discuss the relevant timeframe, the time between when the SDSC's decision and when his federal habeas was due. The fact that he received two new attorney's is not an extraordinary circumstance.  Additionally, Chase mentions how his attorney's letter were delayed as he was transferred from South Dakota to New Jersey.  (Doc. 1, p. 15).  He fails to assert how the delayed in mail prevented him from timely filing his petition.  Therefore, without additional facts, this is not an extraordinary circumstance that demands equitable tolling as Chase was able to receive communications from his attorney.  See Pena-Gonzales v. Kansas, No. 21-cv-3185-SAC, 2021 WL 4134347 *2 (D. Kan. Sept. 10, 2021) (holding that an inmate who is in 23-hour lockdown, has no access to computers, has moved facilities, and has received significantly delayed mail (4 to 5 months) for approximately a year and a half is not entitled to equitable tolling without establishing that he diligently pursued his claims).

Finally, Chase argues it "difficult time as it was during the height of the COVID-19 pandemic."  (Doc. 1, p. 15).  Chase fails to state how it was a

10

difficult time or any additional facts that made this time hard for him which would require equitable tolling. Additionally, Chase's deadline to file his federal habeas petition was January 2, 2019, which was before the United States suffered widespread infections or lockdowns.[6]

Here, Chase cannot show that the one-year statute of limitations should be tolled; thus, AEDPA bars review of the merits of his petition. See Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002).

## CONCLUSION

Because Case did not file his petition within the one-year statute of limitations, the court respectfully recommends the following:

1) Respondents' Motion to Dismiss (Doc. 12) be granted;

2) Chase's § 2254 petition (Doc. 1) be dismissed with prejudice because it is untimely.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 20th day of March, 2023.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge

---

[6] https://www.cdc.gov/museum/timeline/covid_19.html