UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| NATHAN CHASE,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN DAN SULLIVAN[1], SOUTH DAKOTA STATE PENITENTIARY; AND ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 5:22-CV-05090-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN FULL AND GRANTING RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

Petitioner, Nathan Chase, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that his trial counsel was ineffective for failing to propose jury instructions on justifiable homicide and lesser included offenses during his trial for second-degree murder. Docket 1 at 6. Respondents filed a motion for judgment on the pleadings contending that Chase's petition was not timely. Docket 12 at 1. Chase did not file an opposition to respondents' motion for judgment on the pleadings. The matter was referred to United States Magistrate Judge Daneta Wollmann under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and

---

[1] Dan Sullivan is no longer the Warden of the South Dakota State Penitentiary. The current Warden, Teresa Bittinger, is substituted for Dan Sullivan pursuant to Fed. R. Civ. P. 25(d).

recommendations for the disposition of habeas petitions. Magistrate Judge Wollmann recommended that respondents' motion for judgment on the pleadings be granted and that Chase's habeas petition be dismissed with prejudice because it is untimely. Docket 14 at 11. Chase timely filed objections to the report and recommendation. Dockets 17, 19, 20. For the following reasons, the court adopts Magistrate Judge Wollmann's report and recommendation in full and grants respondents' motion for judgment on the pleadings.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) (per curiam). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Magistrate Judge Wollmann provided a well-analyzed, complete report and recommendation addressing the timeliness of Chase's petition. *See* Docket 14. The court adopts the report and recommendation in full and overrules the objections raised by Chase.

## FACTUAL BACKGROUND

The magistrate judge provided a full factual and procedural background in her report and recommendation. Docket 14 at 1–3. Chase does not object to

2

the facts. Docket 20. Rather, Chase's objections focus on the merits of his ineffective assistance of counsel claim. *Id.* This court has reviewed the facts and finds that they are all supported by the record. Thus, the full factual and procedural background as set forth in the report and recommendation is adopted.

## DISCUSSION

### I.     Chase's Petition Is Untimely

The magistrate judge concluded that Chase's petition was untimely because it was filed more than one-year after his state court conviction and judgment became final. Docket 14 at 6–7. Chase's state court conviction and judgment became final on January 2, 2019, and he did not file his § 2254 habeas petition until October 26, 2022. *Id.* In his objections, Chase does not challenge this conclusion. The court has reviewed Chase's state court record and agrees that the magistrate judge properly concluded that Chase's petition was not timely. *See* 28 U.S.C. § 2244(d)(1)(A) (providing that the one-year period of limitation for a person in custody pursuant to a state court judgment to file a habeas petition begins to the run on the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review); *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998) (recognizing that when no petition for writ of certiorari is filed, the one-year period of limitation is triggered by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for writ of certiorari).

## II. Statutory Tolling Is Not Applicable

The one-year time period is statutorily tolled during the time in which a properly filed application for state post-conviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Chase filed a petition for habeas relief in state court on June 2, 2020. Docket 11-8. The magistrate judge properly concluded that Chase's state habeas petition did not toll the one-year time period to file a § 2254 petition because the state petition was filed after § 2244(d)(1)'s one-year time period had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding that § 2254 petition was properly dismissed as time-barred when state court application for post-conviction relief was filed after the federal limitations period had expired). Chase does not object to the magistrate judge's conclusion that statutory tolling is not applicable.

## III. Equitable Tolling Is Not Applicable

Under certain circumstances, § 2244(d)(1)'s one-year time period may be equitably tolled. "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As the Eighth Circuit has noted, equitable tolling affords a petitioner an "exceedingly narrow window of relief[.]" *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition

4

on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)). The magistrate judge considered and rejected each of the reasons Chase provided for not timely filing his petition. Docket 14 at 9–11. Chase does not object to the magistrate judge's conclusion that § 2244(d)(1)'s one-year statute of limitations should not be equitably tolled. This court agrees that Chase failed to demonstrate that the one-year limitation period should be equitably tolled.

## IV.  Chase's Objections

The court has considered and overrules Chase's objections to the magistrate judge's report and recommendation. Chase contends that the paralegal at the facility where he is incarcerated "seems to not be taking [his] legal endeavors seriously[.]" Docket 20 at 1. "[T]here is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in matter, the Sixth Amendment right to counsel does not apply. *Id.* The magistrate judge denied Chase's motions to appoint counsel. Docket 6 at 3. Chase did not timely object to the order denying his motions to appoint counsel, and he has not filed a renewed motion. In this case, because the issues can be properly resolved on the basis of the state court record, it was not an abuse of discretion to deny Chase's request for court-appointed counsel. *Hoggard*, 29 F.3d at 471 (citing *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993)).

5

Chase's objections reference allegations of ineffective assistance of counsel based on an attorney's failure to seek certiorari. Docket 20 at 2–3. But the ineffective assistance of counsel claim in Chase's § 2254 petition is based on his trial counsel's failure to propose jury instructions. Docket 1 at 6. Chase does not allege that any of his counsel were ineffective for failing to seek certiorari. *See* Docket 1.

Chase devotes most of his objections to the merits of his ineffective assistance of counsel claim. *See* Docket 20. Because the magistrate judge correctly determined that Chase's petition was untimely, Chase's objections based on the merits of the claim, which the magistrate judge did not consider, are denied.

Finally, Chase requests that the court hold an evidentiary hearing,[2] but he does not set forth any reasons to substantiate his request. Docket 20 at 4. Section 2254, as amended by the 1996 Anti-Terrorism and Effective Death Penalty Act, places significant limits on the use of evidentiary hearings. Chase's request for an evidentiary hearing fails to demonstrate that he is eligible for, much less entitled to, an evidentiary hearing pursuant to § 2254(e)(2). *See Wilson v. Dooley*, 4:17-CV-04057-KES, 2017 U.S. Dist. LEXIS 85431, at *1 n.1 (D.S.D. June 5, 2017) ("An evidentiary hearing is not necessary when the

---

[2] Chase did not request an evidentiary hearing in his petition. *See* Docket 1. He did not request an evidentiary hearing in his motions for appointment of counsel. *See* Dockets 2, 5. He did not file a motion for an evidentiary hearing. He requested an evidentiary hearing, for the first time, in his objections to the magistrate judge's report and recommendation. Docket 20 at 4.

6

issues involved can be properly resolved on the basis of the state court record." (internal quotation omitted)). For these reasons, Chase's objections to the magistrate judge's report and recommendation are overruled. The magistrate judge's report and recommendation is adopted in full, and respondents' motion for judgment on the pleadings is granted without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2254 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Chase has not made a substantial showing that his claim is debatable among reasonable jurists, that another court could resolve the issue raised in his claim differently, or that a question raised by his claim deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Thus, it is ORDERED:

1. That Chase's objections to the report and recommendation (Docket 20) are overruled.

2. That the report and recommendation (Docket 14) is adopted in full.

3. That respondents' motion for judgment on the pleadings (Docket 12) is granted. Chase's habeas petition (Docket 1) is dismissed with prejudice and without an evidentiary hearing.

4. For the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the court finds that Chase has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

Dated August 10, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE